UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Progressive Specialty Insurance Company as subrogee of Dohyung Kwon, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Civil Action No.: <br><br> **COMPLAINT** |

Plaintiff Progressive Specialty Insurance Company as subrogee of Dohyung Kwon, by way of Complaint against Defendant United States of America, alleges as follows:

**PARTIES**

1. Plaintiff Progressive Specialty Insurance Company ("Plaintiff") is a corporation formed under the laws of the State of Ohio that maintains a primary place of business in Mayfield Village, Ohio.

2. Plaintiff is in the business of automobile insurance, is licensed to transact such business in, inter alia, New York State, and transacts such business throughout New York State, including in all five boroughs of New York City.

3. Plaintiff's insured Dohyung Kwon ("Plaintiff's insured") is a natural person who resided at relevant times at 44 East132nd Street, Apt. 5B New York, New York 10037.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain automobile insurance policy ("the Policy") issued by Plaintiff.

5. The claims herein are brought against United States of America ("the United States").

6. The claims asserted herein arise out of a March 17, 2023 motor vehicle accident involving the vehicle of Plaintiff's insured and a vehicle ("the ICE vehicle") which was, at the time of the accident, owned by the United States Immigration and Customs Enforcement (ICE) and operated by an employee of ICE within the scope of his employment with ICE.

7. ICE is an agency of the United States, by and through its agents, servants, employees and/or other representatives, acted on behalf of, and with the full knowledge, consent and authority of, the United States.

## JURISDICTION AND VENUE

8. Jurisdiction over Defendant United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §1346(b)(1).

9. The claims here are brought against the United States for money damages as compensation for loss of property on August 25, 2022 that was caused by the negligent and wrongful acts and omissions of one or more employees of the United States, including, without limitation, Michael W. Tucker ("Tucker"), while acting within the scope of such governmental employment, under circumstances where the United States, if a private person, would be liable to Plaintiff under the laws of the State of New York.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that all, or a substantial part, of the acts and omissions forming the basis of these claims

occurred in the Southern District of New York.

11.　　An original SF-95 Claim Form was sent to ICE on February 12, 2024.

12.　　ICE formally denied Plaintiff's claim by letter dated September 13, 2024, less than six (6) months prior to the date of this filing.

## FACTUAL ALLEGATIONS

13.　　At all times relevant hereto, Plaintiff's insured owned a Chevrolet Avalanche ("Plaintiff's insured's vehicle" or "the Kwon vehicle").

14.　　On or about March 17, 2023, at about 6:47 P.M., Plaintiff's insured drove the Kwon vehicle around 610 Exterior Street Bronx, New York.

15.　　At the same aforementioned time and place, Tucker, while carrying out the duties of his employment with ICE, drove the ICE vehicle down Exterior Street directly behind the Kwon vehicle.

16.　　At such time and place, Tucker operated the ICE vehicle in such an, including, but not limited to, reckless, careless, willful, wanton and/or negligent manner, so as to strike the Kwon vehicle from behind and cause the Kwon vehicle to collide with the vehicle ("Vehicle One") driving directly ahead of the Kwon vehicle.

17.　　Additionally or alternatively, Tucker and/or other ICE employees failed to maintain the ICE vehicle in a state of repair such that it would be reasonably safe to drive it on city streets such as Exterior Street.

18.　　Additionally and/or alternatively, at the time of the accident, Tucker drove the ICE vehicle on Exterior Street when he knew or should have known that doing so posed an unreasonable risk of damage to persons and property.

19.　　As a result of Tucker's actions and/or omissions, the Kwon vehicle

sustained property damage in both its front and its back in the total amount of $12,157.92.

20. Plaintiff paid Plaintiff's insured $12,157.92 for claims under the Policy for property damage sustained in said March 17, 2023 motor vehicle accident.

## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

21. Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

22. Defendant owed a duty of reasonable care to Plaintiff's insured and to Plaintiff.

23. Defendant, through the acts and omissions of its employee(s), breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently operating the ICE vehicle, striking the Kwon vehicle and causing it to strike Vehicle One, and causing property damage to Plaintiff's insured and, in turn, damages in the amount of $12,157.92 to Plaintiff in claims paid.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Money damages in the amount of $12,157.92.

B. Costs and attorneys' fees.

C. Such other relief as the Court might deem just and proper.

Dated: March 4, 2025

Law Offices of Jan Meyer & Associates, P.C.

_____
Jordan Gottheim, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
(201) 862-9500
**Maintains a New York Office At:**
521 5th Avenue, 17th Floor
New York, NY 10175
*Kindly correspond with our NJ office.*
File Number: 23-7621275-1